UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E'JAI BEY,

      Plaintiff,

   -against-

YONKERS CITY COURT,

      Defendant.

22-CV-3166 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action challenging his state court conviction, which he alleges was obtained in violation of his constitutional rights. By order dated May 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint sets forth the following allegations. On April 12, 2022, Plaintiff was "wrongfully convicted" of an unspecified crime in the Yonkers City Court. (ECF 1 at 5.) Plaintiff challenges the legality of this conviction and the criminal proceedings on the following grounds: (1) Plaintiff was convicted of a crime "that does not exist in common law" and "without any pho[t]ographic evidence that [he] hurt anybody"; (2) Plaintiff was in pretrial detention for 9 months, in violation of his right to a speedy trial; (3) as a citizen "of the Almoroccan Empire," Plaintiff is a "foreign national," and under Article III of the United States Constitution, any charges against him may only be litigated in federal court, and the Yonkers City Court lacked jurisdiction over his case and convicted him in "bad faith"; (4) during the state criminal proceedings Plaintiff was referred to as "Elijah Johnson," which is no longer his name; and (5)

because the state court had "an interest" in Plaintiff, and "every officer of Yonkers Court works for the same entity that" violated his rights, there was a conflict of interest. (*Id.* at 5-7.)

Plaintiff seeks to have this Court "intervene and appeal" the decision of the Yonkers City Court, and to "order all cases dismissed off the Unified Court System Yonkers has interest in him." (*Id.* at 6.) Plaintiff also seeks $3.2 million in gold and silver coin, "following in accord to Article 1 Section 10 which says, 'the only legal tender in the U.S. shall be gold and silver coin.'" (*Id.* at 4.) Until Plaintiff receives that, he will "accept $100,000 Federal Reserve notes per month as a [lien]." (*Id.*)

## DISCUSSION

**A.     Claims against the Yonkers City Court**

Plaintiff's claims against the Yonkers City Court, which is part of the New York state court system, must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the states' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the state of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*,

557 F.2d 35, 40 (2d Cir. 1977). The "New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the Yonkers City Court — a court within the New York State Unified Court System. Accordingly, the Court dismisses Plaintiff's claims against the Yonkers City Court because he seeks relief from an immune defendant, 28 U.S.C. § 1915(e)(2)(B)(iii), and accordingly, for lack of subject matter jurisdiction. *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction." ).

**B.     Claim for damages**

Plaintiff is not entitled to sue for damages in connection with his criminal conviction. The Supreme Court of the United States has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this Section 1983 action – in which Plaintiff alleges that he did not commit the crime of which he was convicted – would necessarily demonstrate the invalidity of Plaintiff's conviction. As there is no indication that Plaintiff's conviction has been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim is barred under *Heck*, and is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

5

Plaintiff sues an immune defendant, and the facts alleged do not give rise to any claims falling within this Court's jurisdiction. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge